

3576/HD384 JPS/BSP

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

KLODIAN NAZAJ,            )
                             )

      *Plaintiff,*        )

v.                         07cv6944
                             JUDGE HART

HOME DEPOT, U.S.A., INC., a        MAG. JUDGE KEYS
Delaware corporation,

                             )

      *Defendant*      )

### NOTICE OF FILING

**FILED**

**J.N DEC 1 0 2007**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

To:     David Nemeroff
        Nemeroff Law Offices, Ltd.
        55 West Monroe St., Suite 600
        Chicago, IL 60603

PLEASE TAKE NOTICE that on **December 10, 2007**, we caused to be filed with the United States District Court for the Northern District of Illinois – Eastern Division, Defendant Home Depot's *Notice of Removal, Civil Cover Sheet and Appearance,* copies of which are attached hereto.

                        By:        _____

                                 Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Pleadings\NOF001 - Fed Ct.doc

### CERTIFICATE OF SERVICE

I, Mary Dannevik, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed this Notice of Filing the foregoing documents to each party to whom it is directed on December 10, 2007.

                              _____
                              Mary Dannevik

3576/HD384 JPS/BSP

FILED

J.N

DEC 1 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| KLODIAN NAZAJ, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )　07cv6944 |
| | )　JUDGE HART |
| HOME DEPOT, U.S.A., INC., a | )　MAG. JUDGE KEYS |
| Delaware corporation, | ) |
| | ) |
| *Defendant* | ) |

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorney, JONATHAN

P. SCHAEFER of PURCELL & WARDROPE, CHTD., and pursuant to 28 U.S.C.A. 1332, 1441

and 1446, hereby provides notice of its removal of this cause pursuant to said statutes and for the

following reasons:

     1.     On or about November 8, 2007, there was commenced and is now pending in the

Circuit Court of the Cook County, Illinois, a certain civil action under case #07 L 012656, in

which Klodian Nazaj is the Plaintiff, and Home Depot USA, Inc. is the Defendant.

     2.     The aforementioned lawsuit is brought by the Plaintiff seeking damages for

personal injuries under claims of intentional torts, specifically claims of battery, false

imprisonment and malicious prosecution. The Complaint does pray for compensatory damages in

excess of $50,000, and for $750,000 in punitive damages.

     3.     Based on the Plaintiff's prayer for judgment in excess of $50,000 in

compensatory damages and of $750,000 for punitive damages, the Defendant has a reasonable

belief that the amount of controversy in this matter exceeds $75,000, exclusive of interests and

costs.

4.    The Defendant states that the above lawsuit involves a controversy with complete

diversity of citizenship between citizens of different states, and the Defendant affirmatively

states further:

      (a)    Per the Plaintiff's Complaint (paragraph 1), Plaintiff was at the
           commencement of this action, and is now, a citizen of the State of Illinois,
           and is a resident of the State of Illinois, and is not a citizen of the State of
           Delaware or of the State of Georgia;

      (b)    The Defendant, HOME DEPOT USA, INC. is a corporation duly created
           and organized by and under the laws of the State of Delaware with its
           principal place of business in the State of Georgia, and was not and is not
           a corporation created or organized under the laws of the State of Illinois,
           nor does it have principal places of business in the State of Illinois.

5.    This matter involves a controversy between an individual who is a resident of the

State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the

laws of a state other than Illinois, and who has its principal place of business in a state other than

Illinois, on the other hand. Further, the amount in controversy involves more than Seventy Five

Thousand Dollars ($75,000), exclusive of interest and costs. Accordingly, the District Court for

the United States has original jurisdiction over this lawsuit.

6.    This Notice of Removal is timely filed within thirty (30) days of the Plaintiff

filing the lawsuit in the Circuit Court of Cook County, on November 8, 2007.

7.    Attached hereto and made a part hereof are copies of the following documents to

be filed by the Plaintiff and the Defendant in the Circuit Court of the Cook County, Illinois under

case #06 L 006014:

-    The Plaintiff's Complaint at Law;

-    The Plaintiff's ex-party emergency motion for protective order;

-    November 8, 2007 Order entered by Circuit Court of Cook County Judge
    Kathy M. Flanagan;

-    Plaintiff's Stipulation Re: 11/8/07 Protective Order

2

- Defendant's Appearance and Jury Demand;

- Defendant's Answer and Affirmative Defense;

- Defendant's Interrogatories, Rule 214 Request, and Rule 237 Demand, all directed to the Plaintiff;

- Defendants' Notice of Filing Re: Appearance and Jury Demand, Answer and Affirmative Defenses, Interrogatories, Rule 214 Request, Rule 237 Demand, and Plaintiff's Stipulation Re: 11/8/07 Protective Order;

- Defendant's Notice of Filing Re: Notice of Removal.

To the Defendant's knowledge, no other documents, nor pleadings were filed in said lawsuit.

8.    Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto. A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, Illinois – Law Division, as provided by law.

9.    With its appearance filed in the Circuit Court of Cook County, Illinois – Law Division, the Defendant demanded and paid the additional fee for a jury demand. The Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may affect removal of the within action from the Circuit Court of the Cook County, Illinois – Law Division, to the United States District Court for the Northern District of Illinois – Eastern Division, and that the matter be tried before a jury.

Respectfully submitted,

By: _____

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Pleadings\NtcRemoval.doc

3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KLODIAN NAZAJ,                    )
               Plaintiff,        )    2007L012686
                      )    CALENDAR/ROOM E
                      )    TIME 00:00
-vs-                              )    Tort — Intentional
                      )    No.
HOME DEPOT U.S.A. INC.,           )    Amount Claimed:
a Delaware corporation,           )    In excess of $50,000
                      )
             Defendants.        )

## COMPLAINT

NOW COMES the Plaintiff, KLODIAN NAZAJ, (hereinafter "NAZAJ"), by his counsel NEMEROFF LAW OFFICES, LTD., and complaining against the defendant AT HOME DEPOT U.S.A. INC., a Delaware corporation (hereinafter "HOME DEPOT), states as follows:

### PARTIES

1.     Plaintiff Klodian Nazaj is an adult residing in the City of Chicago, County of Cook, State of Illinois.

2.     Defendant Home Depot U.S.A. Inc. is a Delaware corporation registered to do business in the State of Illinois.

### COUNT I

### BATTERY

3.     On September 13, 2007, Defendant HOME DEPOT maintained a business selling building supplies and tools to the general public on North Avenue in the City of Chicago, County of Cook, State of Illinois.

4.     On or about September 13, 2007, Plaintiff NAZAJ was a customer at the store owned and operated by defendant HOME DEPOT on North Avenue in Chicago, Illinois.

5.     At all relevant times, Plaintiff NAZAJ was legally an invitee on the property of the HOME DEPOT on North Avenue in Chicago.

6. At all relevant times, Plaintiff entered the above referenced HOME DEPOT at approximately 1:30 p.m. to return a tool previously purchased at the store and to do additional shopping.

7. After shopping at the HOME DEPOT, plaintiff proceeded to a checkout cashier to pay for the items he had selected while shopping at the store.

8. After what plaintiff thought was making full payment for the items in his cart, he proceeded to walk toward the security guard who was located near the exit of the Home Depot to have his receipt checked before leaving the store.

9. Right before plaintiff reached the security officer, plaintiff was accosted by two persons acting as employees and/or agents of defendant Home Depot.

10. At that time and place, these two men, acting as agent for their employer and within the scope of their employment, committed a battery upon the Plaintiff in that:

   a. Without permission of the Plaintiff, touched Plaintiff in an insulting, provoking, and offensive manner;

   b. Without permission of Plaintiff, grabbed Plaintiff's wrists and arms;

   c. Without permission of the Plaintiff, physically removed Plaintiff from the customer area of the store, placing Plaintiff in handcuffs against his will and forcing him to the security office;

11. Defendant, through its employees and/or agents, acted with intent to cause the unpermitted offensive touching of Plaintiff's person.

12. As a direct and proximate result of the actions of the Defendant, through its employees and/or agents, Plaintiff suffered damage to his person, anguish for the unpermitted offensive touching of his person, physical discomfort, and embarrassment.

13. The defendant HOME DEPOT approved and ratified the actions of its employees and/or agents as alleged in this Count I.

14. The defendant HOME DEPOT allowed its employees and/or agents to take such action and failed to discipline them for taking such actions.

15. Defendant HOME DEPOT trained and instructed its employees and/or agents to take such actions, and did nothing to discourage them from taking such action.

16. Defendant HOME DEPOT believes that it derives benefit when its personnel acts aggressively.

2

17.     Under the doctrine of respondeat superior, Defendant HOME DEPOT is liable for the intentional tortious actions of its employees and agents that arc acting within the scope and authority granted by the employer, and from which the employer gains benefit, specifically the actions of its employees and/or agents complained of in this Count I.

18.     Defendant HOME DEPOT has policies which encourage its employees to act in an aggressive manner, including the manner in which these employees and/or agents acted in this instance as complained in this Count I.

19.     In addition to compensatory damages for the intentional tortious acts of its employees and agents which were approved and ratified by defendants HOME DEPOT, punitive damages are necessary to deter the defendant, and others like the defendant, from committing or authorizing similar torts.

WHEREFORE, Plaintiff KLODIAN NAZAJ prays that this Court enter judgment against defendant HOME DEPOT U.S.A. INC. in the amount in excess of $50,000 for compensatory damages and $750,000 for punitive damages, plus costs of the lawsuit.

## COUNT II

### FALSE IMPRISONMENT

1.     On September 13, 2007, Defendant HOME DEPOT maintained a business selling building supplies and tools to the general public on North Avenue in the City of Chicago, County of Cook, State of Illinois.

2.     On or about September 13, 2007, Plaintiff NAZAJ was a customer at the store owned and operated by defendant HOME DEPOT on North Avenue in Chicago, Illinois.

3.     At all relevant times, Plaintiff NAZAJ was legally an invitee on the property of the HOME DEPOT on North Avenue in Chicago.

4.     At all relevant times, Plaintiff entered the above referenced HOME DEPOT at approximately 1:30 p.m. to return a tool previously purchased at the store and to do additional shopping.

5.     After shopping at the HOME DEPOT, plaintiff proceeded to a checkout cashier to pay for the items he had selected while shopping at the store.

3

6.    After what plaintiff thought was making full payment for the items in his cart, he proceeded to walk toward the security guard who was located near the exit of the Home Depot to have his receipt checked before leaving the store.

7.    Right before plaintiff reached the security officer, plaintiff was accosted by two persons acting as employees and/or agents of defendant Home Depot.

8.    Defendant, HOME DEPOT, through its employees and/or agents, then placed handcuffs on plaintiff and took him into custody.

9.    At the time and place as alleged in this paragraph, the defendant HOME DEPOT, by and through its employees and/or agents, committed false imprisonment of the Plaintiff by unlawful restraint of his freedom of movement against his will in that:

 a. Plaintiff was forcefully removed from the public customer area to a security office inside the building in handcuffs;

 b. Plaintiff was not to allow leave the security office;

 c. Plaintiff, due to a complaint signed by Home Depot employees and/or agents, was arrested by Chicago Police officers by filing a false report that Plaintiff had committed a crime when Defendants knew there was no probable cause for making such a report.

10.    HOME DEPOT, through its employees and/or agents, intended to restrain Plaintiff's freedom of movement against his will.

12.    HOME DEPOT, through its employees and/or agents, did not have legal authority to restrain Plaintiff's interest in freedom from confinement.

13.    As a direct proximate result of the actions of Defendant HOME DEPOT, through its employees and/or agents, Plaintiff was confined in custody and against his will for nearly ten (10) hours.

14.    Plaintiff, directly and proximately caused by Defendant's actions, suffered anguish, loss of time, lost earnings, physical discomfort, interruption of his business and embarrassment.

15.    The defendant HOME DEPOT approved and ratified the actions of its employees and/or agents as alleged in this Count I.

16.    The defendant HOME DEPOT allowed its employees and/or agents to take such action and failed to discipline them for taking such actions.

4

17.     Defendant HOME DEPOT trained and instructed its employees and/or agents to take such actions, and did nothing to discourage them from taking such action.

18.     Defendant HOME DEPOT believes that it derives benefit when its personnel acts aggressively.

19.     Under the doctrine of respondeat superior, Defendant HOME DEPOT is liable for the intentional tortious actions of its employees and agents that are acting within the scope and authority granted by the employer, and from which the employer gains benefit, specifically the actions of its employees and/or agents complained of in this Count I.

20.     Defendant HOME DEPOT has policies which encourage its employees to restrain the freedom of persons without legal authority.

21.     In addition to compensatory damages for the intentional tortious acts of its employees and agents which were approved and ratified by defendants HOME DEPOT, punitive damages are necessary to deter the defendant, and others like the defendant, from committing or authorizing similar torts.

WHEREFORE, Plaintiff KLODIAN NAZAJ prays that this Court enter judgment against defendant HOME DEPOT U.S.A. INC. in the amount in excess of $50,000 for compensatory damages and $750,000 for punitive damages, plus costs of the lawsuit.

## COUNT III

### MALICIOUS PROSECUTION

1.     On September 13, 2007, Defendant HOME DEPOT maintained a business selling building supplies and tools to the general public on North Avenue in the City of Chicago, County of Cook, State of Illinois.

2.     On or about September 13, 2007, Plaintiff NAZAJ was a customer at the store owned and operated by defendant HOME DEPOT on North Avenue in Chicago, Illinois.

3.     At all relevant times, Plaintiff NAZAJ was legally an invitee on the property of the HOME DEPOT on North Avenue in Chicago.

4.     At all relevant times, Plaintiff entered the above referenced HOME DEPOT at approximately 1:30 p.m. to return a tool previously purchased at the store and to do additional shopping.

5

5.    After shopping at the HOME DEPOT, plaintiff proceeded to a checkout cashier to pay for the items he had selected while shopping at the store.

6.    After what plaintiff thought was making full payment for the items in his cart, he proceeded to walk toward the security guard who was located near the exit of the Home Depot to have his receipt checked before leaving the store.

7.    Right before plaintiff reached the security officer, plaintiff was accosted by two persons acting as employees and/or agents of defendant Home Depot.

8.    Defendant, HOME DEPOT, through its employees and/or agents, then placed handcuffs on plaintiff and took him into custody.

9.    Defendant HOME DEPOT, through its employees and/or agents, caused Plaintiff to be arrested by Chicago Police officers by filing a false report that Plaintiff had committed a crime when Defendants knew there was no probable cause for making such a report.

10.    The criminal case against Plaintiff was dismissed by order of the Circuit Court of Cook County judge before whom the case was heard.

11.    HOME DEPOT, though its employees and/or agents, failed to appear as required at the court date in which the case was dismissed.

12.    HOME DEPOT, through its employees and/or agents, acted with malice toward Plaintiff by filing criminal retail theft and criminal damages to property charges against Plaintiff when Defendants knew there was no probable cause for making such report.

13.    As a direct proximate result of the actions of Defendant HOME DEPOT, through its employees and/or agents, Plaintiff was confined in custody and against his will for nearly ten (10) hours.

14.    Plaintiff, directly and proximately caused by Defendant's actions, suffered anguish, loss of time, lost earnings, physical discomfort, interruption of his business and embarrassment.

15.    The defendant HOME DEPOT approved and ratified the actions of its employees and/or agents as alleged in this Count I.

16.    The defendant HOME DEPOT allowed its employees and/or agents to take such action and failed to discipline them for taking such actions.

6

17.    Defendant HOME DEPOT trained and instructed its employees and/or agents to take such actions, and did nothing to discourage them from taking such action.

18.    Under the doctrine of respondeat superior, Defendant HOME DEPOT is liable for the intentional tortious actions of its employees and agents that are acting within the scope and authority granted by the employer, and from which the employer gains benefit, specifically the actions of its employees and/or agents complained of in this Count I.

19.    In addition to compensatory damages for the intentional tortious acts of its employees and agents which were approved and ratified by defendants HOME DEPOT, punitive damages are necessary to deter the defendant, and others like the defendant, from committing or authorizing similar torts.

20.    As a direct proximate result of the actions of Defendant HOME DEPOT, through the actions of its employees and/or agents, for maliciously filing a false police report which commenced a criminal retail theft charge and a criminal damages to property charge against plaintiff, Plaintiff suffered anguish, loss of time, lost earnings, physical discomfort, interruption of his business and embarrassment.

WHEREFORE, Plaintiff KLODIAN NAZAJ prays that this Court enter judgment against defendant HOME DEPOT U.S.A. INC. in the amount in excess of $50,000 for compensatory damages and $750,000 for punitive damages, plus costs of the lawsuit.

NEMEROFF LAW OFFICES, LTD.
Counsel for Plaintiff
55 W. Monroe St., Suite 600
Chicago, Il. 60603
(312) 629-8800
Atty. No. 34731

7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KLODIAN NAZAJ,                    )
                                  )
                Plaintiff,        )
                                  )
-vs-                              )
                                  )        No.
HOME DEPOT U.S.A. INC.,           )        Amount Claimed:
a Delaware corporation,           )        In excess of $50,000
                                  )
                Defendants.       )

## AFFIDAVIT

I, David B. Nemeroff, first being duly sworn on oath, depose and state as follows:

1.      The damages claimed by the plaintiff(s) exceed the sum of FIFTY THOUSAND

DOLLARS ($50,000).

        FURTHER AFFIANT SAYETH NOT.

                                  _____
                                  David Nemeroff, Esq.
                                  Attorney for Plaintiff


## VERIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil
Procedure, the undersigned certifies that the statements set forth in this instrument are true and
correct, except as to matters therein stated to be on information and belief and as to such matters
the undersigned certifies as aforesaid that he/she verily believes the same to be true.

                                  _____
                                  David Nemeroff

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LAW DIV.-2210

NOV 08 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

KLODIAN NAZAJ, )
                        Plaintiff, )
                                              )
-vs- )    No. 2007 C 0 /2656
                                              )    Amount Claimed:
HOME DEPOT U.S.A. INC., )    In excess of $50,000
a Delaware corporation, )
                                              )
                        Defendants. )

## EX-PARTE EMERGENCY MOTION FOR PROTECTIVE ORDER

NOW COME the plaintiffs, by their counsel, and for their emergency motion on
an ex parte basis for a protective order, states as follows:

1.    This lawsuit arose out of an incident that occurred on September 13, 2007
at a HOME DEPOT store located at 1232 W. North Avenue in Chicago, IL.

2.    At the time of the incident, the plaintiff was a customer shopping at Home
Depot.

3.    Plaintiff's complaint at law alleges that various employees and/or agents
of Home Depot caused a battery upon plaintiff.  Furthermore, plaintiff alleges false
imprisonment and malicious prosecution.

4.    As a result of this incident, plaintiff was arrested by the Chicago Police
Department.

5.    The charges of retail theft and criminal damage to property(Cook County
Case No. 07 127145201; Chicago Police RD No. HN586776) were dropped by the Cook
County State's Attorney office the first time the case was up in court on September 12,
2007.

6.    Plaintiff believes that Home Depot, the Chicago Police Department and
the Cook County State's Attorney's office are in possession of various evidence,
including videotapes, CD's, audiotapes and photographs taken at the Home Depot store
along with police reports and statements.

7.    Plaintiff needs these items preserved by Home Depot, the Chicago Police
Department and the Cook County State's Attorney.

8.    A protective order is necessary to prevent the destruction or alteration of the videotapes, CD's, photographs, police reports and statements taken at Home Depot.

WHEREFORE, plaintiff prays that this court enter a protective order as follows:

1.    Home Depot U.S.A., Inc., its employees and agents, the Chicago Police Department and the Cook County State's Attorney's Office are prohibited from allowing anyone to modify, destroy or otherwise alter and remove any and all videotapes, CD's, audiotapes and photographs taken on September 13, 2007 at Home Depot's North Avenue store at 1232 W. North Avenue in Chicago until such time as Plaintiffs, their attorneys and/or agents have had an opportunity to examine, inspect and copy such items.

2.    Home Depot U.S.A., Inc., its employees and agents, the Chicago Police Department and the Cook County State's Attorney's Office are to preserve all videotapes, CD's, audiotapes and photographs taken on September 13, 2007 at Home Depot's 1232 W. North Avenue store in Chicago, IL.

3.    Home Depot U.S.A., Inc., its employees and agents, the Chicago Police Department and the Cook County State's Attorney's Office are to preserve all police reports and statements taken as a result of the September 13, 2007 incident at Home Depot's 1232 W. North Avenue store in Chicago, IL.

4.    Such further relief as this court deems fair and reasonable.

NEMEROFF LAW OFFICES, LTD.
Attorney for Plaintiff
55 W. Monroe St., Suite 600
Chicago, IL 60603
(312) 629-8800
Atty. No. 34371

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KLODIAN NAZAJ,                          )
               Plaintiff,          )
                         )
                         )
-vs-                                     )        *2007L 012656*
                         )        No.
HOME DEPOT U.S.A. INC.,                  )        Amount Claimed:
a Delaware corporation,                  )        In excess of $50,000
              Defendants.       )

## ORDER

This matter coming on plaintiff's Emergency Motion on an ex parte basis and the Court being fully advised in the premises,

IT IS HEREBY ORDERED;

1.     Home Depot U.S.A., Inc., its employees and agents, the Chicago Police Department and the Cook County State's Attorney's Office are prohibited from allowing anyone to modify, destroy or otherwise alter and remove any and all videotapes, CD's, audiotapes and photographs taken on September 13, 2007 at Home Depot's North Avenue store at 1232 W. North Avenue in Chicago until such time as Plaintiffs, their attorneys and/or agents have had an opportunity to examine, inspect and copy such items.

2.     Home Depot U.S.A., Inc., its employees and agents, the Chicago Police Department and the Cook County State's Attorney's Office are to preserve all videotapes, CD's, audiotapes and photographs taken on September 13, 2007 at Home Depot's 1232 W. North Avenue store in Chicago, IL.

3.     Home Depot U.S.A., Inc., its employees and agents, the Chicago Police Department and the Cook County State's Attorney's Office are to preserve all police reports and statements taken as a result of the September 13, 2007 incident at Home Depot's 1232 W. North Avenue store in Chicago, IL.

Judge Kathy M. Flanagan

NOV 8 2007
JUDGE

Circ Date Cut 597

NEMEROFF LAW OFFICES, LTD.
55 W. Monroe St. Suite 600
Chicago, IL 60603
(312) 629-8800
Atty. No. 34371

1

357S/HD384 JPS/BSP

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| KLODIAN NAZAJ, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 07 L 012656 |
| | ) | |
| HOME DEPOT, U.S.A., INC., a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| *Defendant* | ) | |

### PLAINTIFF'S STIPULATION RE: 11/8/07 PROTECTIVE ORDER

NOW COMES the Plaintiff, KLODIAN NAZAJ, by his attorney, DAVID NEMEROFF, and hereby stipulates and agrees that the Defendant, HOME DEPOT U.S.A., INC., need not copy and/or preserve all surveillance recordings taken on 9/13/07 at its store located at 1232 W. North Avenue, Chicago, Illinois, and that the 11/8/07 protective order referencing surveillance recordings is limited by agreement to all surveillance recordings of the front end of the store (entrance, exits, cashiers and counters) and the tool barn during the period of time from the Plaintiff entering the store up to the Plaintiff exiting the store in the custody of the police. The undersigned counsel acknowledges that he has been told that copying of the store surveillance for 9/13/07 must be ordered by today's date, or be forever lost, and agrees that the only surveillance that needs to be preserved is indicated above.

Dated: November 16, 2007

By: _____
David Nemeroff
Nemeroff Law Offices, Ltd.
Attorney for Plaintiff, Klodian Nazaj
55 W. Monroe St., Suite 600
Chicago, IL 60603

3576/HD384 JPS/BSP                                              Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

KLODJAN NAZAJ,                          )
                                        )
            *Plaintiff,*                 )
                                        )
v.                                      )        No. 07 L 012656
                                        )
HOME DEPOT, U.S.A., INC., a             )
Delaware corporation,                   )
                                        )
            *Defendant*                  )

### APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendants:

### HOME DEPOT USA, INC.

***Defendants demand trial by jury.

_____
JONATHAN P. SCHAEFER

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Pleadings\App&JD.doc

    I certify that a copy of the within instrument was served on all parties who have
appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for Defendant

3576/HD384 JPS/BSP                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

KLODIAN NAZAJ,                          )
                                        )
      *Plaintiff,*                      )
                                        )
v.                                      )        No. 07 L 012656
                                        )
HOME DEPOT, U.S.A., INC., a             )
Delaware corporation,                   )
                                        )
      *Defendant*                      )

## ANSWER AND AFFIRMATIVE DEFENSE TO COMPLAINT

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and hereby responds to the Plaintiff's Complaint At Law, as follows:

### PARTIES

1.    Plaintiff, Klodian Nazaj is an adult residing in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Upon information and belief, the Defendant admits the allegations contained in paragraph 1.

2.    Defendant Home Depot USA, Inc. is a Delaware corporation registered to do business in the State of Illinois.

**ANSWER:**    The Defendant admits the allegations contained in paragraph 2.

### COUNT I

### BATTERY

3.    On September 13, 2007, Defendant Home Depot maintained a business selling building supplies and tools to the general public on North Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     The Defendant admits the allegations contained in paragraph 3 of Count I.

4.     On or about September 13, 2007, Plaintiff NAZAJ was a customer at the store

owned and operated by defendant HOME DEPOT on North Avenue in Chicago, Illinois.

**ANSWER:**     The Defendant admits that the Plaintiff was present on the date in question at a store owned and operated by the Defendant on North Avenue in Chicago, Illinois, but denies any remaining allegations contained in paragraph 4 of Count I.

5.     At all relevant times, Plaintiff NAZAJ was legally an invitee on the property of

HOME DEPOT on North Avenue in Chicago.

**ANSWER:**     The Defendant admits that the Plaintiff was present on the date in question at a store owned and operated by the Defendant on North Avenue in Chicago, Illinois, but denies any remaining allegations contained in paragraph 5 of Count I.

6.     At all relevant times, Plaintiff entered the above referenced HOME DEPOT at

approximately 1:30 p.m. to return a tool previously purchased at the store and to do additional

shopping.

**ANSWER:**     The Defendant admits that the Plaintiff entered the Defendant's store at approximately 1:00 p.m., attempted to return a tool, and attempted to purchase certain products offered for sale, but the Defendant denies any remaining allegations contained in paragraph 6 of Count I.

7.     After shopping at the HOME DEPOT, plaintiff proceeded to a checkout cashier to

pay for the items he had selected while shopping at the store.

**ANSWER:**     The Defendant admits that the Plaintiff proceeded to a checkout cashier to pay for some, but not all, of the items he had selected or taken possession of while shopping at the store, but the Defendant denies any remaining allegations contained in paragraph 7 of Count I.

8.     After what plaintiff thought was making full payment for the items in his cart, he

proceeded to walk toward the security guard who was located near the exit of the Home Depot to

have his receipt checked before leaving the store.

**ANSWER:**     The Defendant admits that the Plaintiff made payment for some, but not all of the items in his cart, and that he proceeded to walk toward the security guard who

was located near the exit of the Home Depot store to have his receipt checked before leaving the store, but the Defendant denies any remaining allegations contained in paragraph 8 of Count I.

9.    Right before plaintiff reached the security officer, plaintiff was accosted by two persons acting as employees and/or agents of defendant Home Depot.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 9 of Count I.

10.    At that time and place, these two men, acting as agent for their employer within the scope of their employment, committed a battery upon the Plaintiff in that:

      a.    Without permission of the Plaintiff, touched Plaintiff in an insulting, provoking and offensive manner;

      b.    Without permission of the Plaintiff, grabbed Plaintiff's writsts and arms;

      c.    Without permission of the Plaintiff, physically removed Plaintiff from the customer area of the store, placing Plaintiff in handcuffs against his will and forcing him to the security office;

**ANSWER:**    The Defendant denies the allegations contained in paragraph 10 of Count I, and specifically denies the allegations contained in subparagraphs (a) – (c) thereunder.

11.    Defendant, through its employees and/or agents, acted with intent to cause the unpermitted offensive touching of Plaintiff's person.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 11 of Count I.

12.    As a direct and proximate result of the actions of the Defendant, through its employees and/or agents, Plaintiff suffered damage to his person, anguish for the unpermitted offensive touching of his person, physical discomfort, and embarrassment.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 12 of Count I.

13.    The defendant HOME DEPOT approved and ratified the actions of its employees and/or agents as alleged in this Count I.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 13 of Count I.

14.    The defendant HOME DEPOT allowed its employees and/or agents to take such action and failed to discipline them for taking such actions.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 14 of Count I.

15.    Defendant HOME DEPOT trained and instructed its employees and/or agents to take such actions, and did nothing to discourage them from taking such action.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 15 of Count I.

16.    Defendant HOME DEPOT believes that it derives benefit when its personnel acts aggressively.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 16 of Count I.

17.    Under the doctrine of respondeat superior, Defendant HOME DEPOT is liable for the intentional tortious actions of its employees and agents that are acting within the scope and authority granted by the employer, and from which the employer gains benefit, specifically the actions of its employees and/or agents complained of in this Count I.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 17 of Count I.

18.    Defendant HOME DEPOT has policies which encourage its employees to act in an aggressive manner, including the manner in which these employees and/or agents acted in this instance as complained in this Count I.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 18 of Count I.

19.    In addition to compensatory damages for the intentional tortious acts of its employees and agents which were approved and ratified by defendants HOME DEPOT, punitive damages are necessary to deter the defendant, and others like the defendant from committing or authorizing similar torts.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 19 of Count I.

WHEREFORE, this Defendant, HOME DEPOT USA, INC., prays that judgment be entered in its favor and against the Plaintiff under the Plaintiff's Count I, and that it be awarded reasonable costs, fees and expenses.

## COUNT II

## FALSE IMPRISONMENT

1.      On September 13, 2007, Defendant Home Depot maintained a business selling building supplies and tools to the general public on North Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    The Defendant admits the allegations contained in paragraph 1 of Count II.

2.      On or about September 13, 2007, Plaintiff NAZAJ was a customer at the store owned and operated by defendant HOME DEPOT on North Avenue in Chicago, Illinois.

**ANSWER:**    The Defendant admits that the Plaintiff was present on the date in question at a store owned and operated by the Defendant on North Avenue in Chicago, Illinois, but denies any remaining allegations contained in paragraph 2 of Count II.

3.      At all relevant times, Plaintiff NAZAJ was legally an invitee on the property of HOME DEPOT on North Avenue in Chicago.

**ANSWER:**    The Defendant admits that the Plaintiff was present on the date in question at a store owned and operated by the Defendant on North Avenue in Chicago, Illinois, but denies any remaining allegations contained in paragraph 3 of Count II.

4.      At all relevant times, Plaintiff entered the above referenced HOME DEPOT at approximately 1:30 p.m. to return a tool previously purchased at the store and to do additional shopping.

**ANSWER:**    The Defendant admits that the Plaintiff entered the Defendant's store at approximately 1:00 p.m., attempted to return a tool, and attempted to purchase certain products offered for sale, but the Defendant denies any remaining allegations contained in paragraph 4 of Count II.

5.    After shopping at the HOME DEPOT, plaintiff proceeded to a checkout cashier to pay for the items he had selected while shopping at the store.

**ANSWER:**    The Defendant admits that the Plaintiff proceeded to a checkout cashier to pay for some, but not all, of the items he had selected or taken possession of while shopping at the store, but the Defendant denies any remaining allegations contained in paragraph 5 of Count II.

6.    After what plaintiff thought was making full payment for the items in his cart, he proceeded to walk toward the security guard who was located near the exit of the Home Depot to have his receipt checked before leaving the store.

**ANSWER:**    The Defendant admits that the Plaintiff made payment for some, but not all of the items in his cart, and that he proceeded to walk toward the security guard who was located near the exit of the Home Depot store to have his receipt checked before leaving the store, but the Defendant denies any remaining allegations contained in paragraph 6 of Count II.

7.    Right before plaintiff reached the security officer, plaintiff was accosted by two persons acting as employees and/or agents of defendant Home Depot.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 7 of Count II.

8.    Defendant, HOME DEPOT, through its employees and/or agents, then placed handcuffs on plaintiff and took him into custody.

**ANSWER:**    The Defendant admits that its employees placed handcuffs on the Plaintiff and detained him for the Chicago Police Department, but denies any remaining allegations contained in paragraph 8 of Count II.

9.    At the time and place as alleged in this paragraph, the defendant HOME DEPOT, by and through its employees and/or agents, committed false imprisonment of the Plaintiff by unlawful restraint of his freedom of movement against his will in that:

a.    Plaintiff was forcefully removed from the public customer area t oa security office inside the building in handcuffs;

b.   Plaintiff was not to allow leave the security office;

c.   Plaintiff, due to a complaint signed by Home Depot employees and/or agents, was arrested by Chicago Police Officers by filing a false report that Plaintiff had committed a crime when Defendants knew there was no probably cause for making such a report.

**ANSWER:**   The Defendant denies the allegations contained in paragraph 9 of Count II, and specifically denies the allegations contained in subparagraphs (a)  (c) thereunder.

10.   HOME DEPOT, through its employees and/or agents, intended to restrin Plaintiff's freedom of movement against his will.

**ANSWER:**   The Defendant denies the allegations contained in paragraph 10 of Count II.

12.(sic)      HOME DEPOT, through its employees and/or agents, did not have legal authority to restrain Plaintiff's interest in freedom from confinement.

**ANSWER:**   The Defendant denies the allegations contained in paragraph 12 (sic) of Count II.

13.   As a direct proximate result of the actions of Defendant HOME DEPOT, through its employees and/or agents, Plaintiff was confined in custody and against his will for nearly ten (10) days.

**ANSWER:**   The Defendant denies the allegations contained in paragraph 13 of Count II.

14.   Plaintiff, directly and proximately caused by Defendant's actions, suffered anguish, loss of time, lost earnings, physical discomfort, interruption of his business and embarrassment.

**ANSWER:**   The Defendant denies the allegations contained in paragraph 14 of Count II.

15.   The defendant HOME DEPOT approved and ratified the actions of its employees and/or agents as alleged in this Count I.

**ANSWER:**   The Defendant denies the allegations contained in paragraph 15 of Count II.

16.    The defendant HOME DEPOT allowed its employees and/or agents to take such action and failed to discipline them for taking such actions.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 16 of Count II.

17.    Defendant HOME DEPOT trained and instructed its employees and/or agents to take such actions, and did nothing to discourage them from taking such action.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 17 of Count II.

18.    Defendant HOME DEPOT believes that it derives benefit when its personnel acts aggressively.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 18 of Count II.

19.    Under the doctrine of respondeat superior, Defendant HOME DEPOT is liable for the intentional tortious actions of its employees and agents that are acting within the scope and authority granted by the employer, and from which the employer gains benefit specifically the actions of its employees and/or agents complained of in this Count I.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 19 of Count II.

20.    Defendant HOME DEPOT has policies which encourage its employees to retain the freedom of persons without legal authority.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 20 of Count II.

21.    In addition to compensatory damages for the intentional tortious acts of its employees and agents which were approved and ratified by defendants HOME DEPOT, punitive damages are necessary to deter the defendant, and others like the defendant, from committing or authorizing similar torts.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 21 of Count II.

WHEREFORE, this Defendant, HOME DEPOT USA, INC., prays that judgment be entered in its favor and against the Plaintiff under the Plaintiff's Count II, and that it be awarded reasonable costs, fees and expenses.

## COUNT III

## MALICIOUS PROSECUTION

1.      On September 13, 2007, Defendant Home Depot maintained a business selling building supplies and tools to the general public on North Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     The Defendant admits the allegations contained in paragraph 1 of Count III.

2.      On or about September 13, 2007, Plaintiff NAZAJ was a customer at the store owned and operated by defendant HOME DEPOT on North Avenue in Chicago, Illinois.

**ANSWER:**     The Defendant admits that the Plaintiff was present on the date in question at a store owned and operated by the Defendant on North Avenue in Chicago, Illinois, but denies any remaining allegations contained in paragraph 2 of Count III.

3.      At all relevant times, Plaintiff NAZAJ was legally an invitee on the property of HOME DEPOT on North Avenue in Chicago.

**ANSWER:**     The Defendant admits that the Plaintiff was present on the date in question at a store owned and operated by the Defendant on North Avenue in Chicago, Illinois, but denies any remaining allegations contained in paragraph 3 of Count III.

4.      At all relevant times, Plaintiff entered the above referenced HOME DEPOT at approximately 1:30 p.m. to return a tool previously purchased at the store and to do additional shopping.

**ANSWER:**     The Defendant admits that the Plaintiff entered the Defendant's store at approximately 1:00 p.m., attempted to return a tool, and attempted to purchase certain products offered for sale, but the Defendant denies any remaining allegations contained in paragraph 4 of Count III.

5.    After shopping at the HOME DEPOT, plaintiff proceeded to a checkout cashier to

pay for the items he had selected while shopping at the store.

**ANSWER:**    The Defendant admits that the Plaintiff proceeded to a checkout cashier to pay for some, but not all, of the items he had selected or taken possession of while shopping at the store, but the Defendant denies any remaining allegations contained in paragraph 5 of Count III.

6.    After what plaintiff thought was making full payment for the items in his cart, he

proceeded to walk toward the security guard who was located near the exit of the Home Depot to

have his receipt checked before leaving the store.

**ANSWER:**    The Defendant admits that the Plaintiff made payment for some, but not all of the items in his cart, and that he proceeded to walk toward the security guard who was located near the exit of the Home Depot store to have his receipt checked before leaving the store, but the Defendant denies any remaining allegations contained in paragraph 6 of Count III.

7.    Right before plaintiff reached the security officer, plaintiff was accosted by two

persons acting as employees and/or agents of defendant Home Depot.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 7 of Count III.

8.    Defendant, HOME DEPOT, through its employees and/or agents, then placed

handcuffs on plaintiff and took him into custody.

**ANSWER:**    The Defendant admits that its employees placed handcuffs on the Plaintiff and detained him for the Chicago Police Department, but denies any remaining allegations contained in paragraph 8 of Count III.

9.    Defendant HOME DEPOT, through its employees and/or agents, caused Plaintiff

to be arrested by Chicago Police officers by filing a false report that Plaintiff had committed a

crime when Defendants knew there was no probable cause for making such a report.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 9 of Count III.

10.    The criminal case against Plaintiff was dismissed by order of the Circuit Court of

Cook County judge before whom the case was heard.

**ANSWER:**     In response to paragraph 10 of Count II, the Defendant admits that the criminal case against the Plaintiff was stricken with leave to reinstate by order of the Circuit Court of Cook County judge before whom the case was heard, but denies that said disposition was on the merits.

11.     HOME DEPOT, through its employees and/or agents, failed to appear as required at the court date in which the case was dismissed.

**ANSWER:**     The Defendant denies the allegations contained in paragraph 11 of Count III.

12.     HOME DEPOT, through its employees and/or agents, acted with malice toward Plaintiff by filing criminal retail theft and criminal damages to property charges against Plaintiff when Defendants knew there was no probable cause for making such report.

**ANSWER:**     The Defendant denies the allegations contained in paragraph 12 of Count III.

13.     As a direct proximate result of the actions of Defendant HOME DEPOT, through its employees and/or agents, Plaintiff was confined in custody and against his will for nearly ten (10) hours.

**ANSWER:**     The Defendant denies the allegations contained in paragraph 13 of Count III.

14.     Plaintiff, directly and proximately caused by Defendant's actions, suffered anguish, loss of time, lost earnings, physical discomfort, interruption of his business and embarrassment.

**ANSWER:**     The Defendant denies the allegations contained in paragraph 14 of Count III.

15.     The defendant HOME DEPOT approved and ratified the actions of its employees and/or agents as alleged in this Count I (sic).

**ANSWER:**     The Defendant denies the allegations contained in paragraph 15 of Count III.

16.     The defendant HOME DEPOT allowed its employees and/or agents to take such action and failed to discipline them for taking such actions.

**ANSWER:**     The Defendant denies the allegations contained in paragraph 16 of Count III.

17.    Defendant HOME DEPOT trained and instructed its employees and/or agents to take such actions, and did nothing to discourage them from taking such action.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 17 of Count III.

18.    Under the doctrine of respondeat superior, Defendant HOME DEPOT is liable for the intentional tortious actions of its employees and agents that are acting within the scope and authority granted by the employer, and from which the employer gains benefit, specifically the action of its employees and/or agents complained of in this Count I (sic).

**ANSWER:**    The Defendant denies the allegations contained in paragraph 18 of Count III.

19.    In addition to compensatory damages for the intentional tortious acts of its employees and/or agents which were approved and ratified by defendants HOME DEPOT, punitive damages are necessary to deter the defendant, and others like the defendant, from committing or authorizing similar torts.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 19 of Count III.

20.    As a direct proximate result of the actions of Defendant HOME DEPOT, through the actions of its employees and/or agents, for maliciously filing a false police report which commenced a criminal retail theft charge and a criminal damages to property charge against plaintiff, Plaintiff suffered anguish, loss of time, lost earnings, physical discomfort, interruption of his business and embarrassment.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 20 of Count III.

WHEREFORE, this Defendant, HOME DEPOT USA, INC., prays that judgment be entered in its favor and against the Plaintiff under the Plaintiff's Count III, and that it be awarded reasonable costs, fees and expenses.

## FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and, in further response to the Plaintiff's Complaint, hereby pleads the following as its First Affirmative Defense:

1.    At the time and place alleged, the Plaintiff commited one or more of the following acts or omissions while in the Defendant's store:

    (a)    Selected five tile cutting tools which had been offered for sale by the Defendant, took said tools to a washroom, broke open the packaging on each tool, doused each packaging and tool in water, and then returned said five tools to the Defendant's shelving;

    (b)    Selected a power tool set box offered for sale by the Defendant on its shelving, removed said box from the cardboard packaging provided by the vendor, broke off the handle of the box, removed the security sensing device attached to the box and handle, placed the packaging, handle and security device back on the Defendant's shelving, and then placed the box containing the set of power tools into the cart he was utilizing;

    (c)    Upon approaching a cashier to purchase certain items he had selected while in the store, the Plaintiff placed said items on the cashier counter, but did not place the altered toolbox set on the counter, and instead advised the cashier that the toolbox set was already purchased and owned by him, such that it was not rung up as a new purchase;

    (d)    Upon completion of purchasing some of the Defendant's products, but not the toolbox set, the Plaintiff proceeded to the exit, showed his receipt of his limited purchases to the security guard, and told the security guard when questioned that he had previously purchased and owned the toolbox set, before passing the guard and the last point of purchase to exit the store.

2.    Based upon the aforesaid acts or omissions observed by the Defendant's employees, the Defendant's employees had probable cause to stop and detain the Plaintiff, and turned the Plaintiff over to the Chicago Police Department for prosecution of criminal charges.

WHEREFORE, this Defendant, HOME DEPOT USA, INC., prays that judgment be entered in its favor and against the Plaintiff under the Plaintiff's Complaint, and that it be awarded reasonable costs, fees and expenses.

## SECOND AFFIRMATIVE DEFENSE

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and, in further response to the Plaintiff's Complaint, hereby pleads the following as its Second Affirmative Defense:

1.    At the time and place alleged, the Plaintiff owed a duty to himself and to others to act in a reasonable and proper manner.

2.    At the time and place alleged, the Plaintiff breached said duty and proximately caused or contributed to his detention and subsequent arrest and criminal proceedings, by committing one or more of the following acts and/or omissions:

(a)    Selected five tile cutting tools which had been offered for sale by the Defendant, took said tools to a washroom, broke open the packaging on each tool, doused each packaging and tool in water, and then returned said five tools to the Defendant's shelving;

(b)    Selected a power tool set box offered for sale by the Defendant on its shelving, removed said box from the cardboard packaging provided by the vendor, broke off the handle of the box, removed the security sensing device attached to the box and handle, placed the packaging, handle and security device back on the Defendant's shelving, and then placed the box containing the set of power tools into the cart he was utilizing;

(c)    Upon approaching a cashier to purchase certain items he had selected while in the store, the Plaintiff placed said items on the cashier counter, but did not place the altered toolbox set on the counter, and instead advised the cashier that the toolbox set was already purchased and owned by him, such that it was not rung up as a new purchase;

(d)    Upon completion of purchasing some of the Defendant's products, but not the toolbox set, the Plaintiff proceeded to the exit, showed his receipt of his limited purchases to the security guard, and told the security guard when questioned that

he had previously purchased and owned the toolbox set, before passing the guard and the last point of purchase to exit the store.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that, if judgment is entered in favor of the Plaintiff and against the Defendant under any of the Counts of the Plaintiff's Complaint, said judgment be reduced by that percentage for which the Plaintiff's own actions or omissions caused or contributed to his detention and subsequent arrest and criminal prosecution, and that judgment be entered in favor of the Defendant and against the Plaintiff if it is deemed that the Plaintiff's own acts or omissions exceeded 50% of the total fault attributable to the subject occurrence.

Respectfully Submitted,

By: _____
JONATHAN P. SCHAEFER

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Pleadings\Answer.doc

3576/HD384 JPS/BSP                                                        Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

KLODIAN NAZAJ,                          )
                                        )
      *Plaintiff,*                     )
                                        )
v.                                      )    No. 07 L 012656
                                        )
HOME DEPOT, U.S.A., INC., a             )
Delaware corporation,                   )
                                        )
      *Defendant*                     )

### INTERROGATORIES TO PLAINTIFF

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL

& WARDROPE, CHTD., and propound the following Interrogatories pursuant to Illinois

Supreme Court Rule 213 to be answered by the Plaintiff within thirty (30) days upon receipt

hereof:

    1.    State your full name, age, date of birth, country of birth, current U.S. citizenship or immigration status, address and social security number.

**ANSWER:**

    2.    State the full names, addresses and/or physical description of each person who witnessed or claims to have witnessed any of the occurrences alleged in your complaint.

**ANSWER:**

    3.    State the full name, address and/or physical description of each person not named in response to 2 above who was present or claims to have been present at the scene immediately before, at the time of, or immediately after any of the occurrences alleged in your Complaint.

**ANSWER:**

    4.    Describe in general the personal injuries sustained by you as a result of said occurrence.

**ANSWER:**

    5.    With regard to said injuries, state:

a. The name and address of each attending physician;
b. The name and address of each consulting physician;
c. The name and address of each person or laboratory taking an x-ray of you;
d. The date or inclusive dates on which each of them rendered you service;
e. The amounts to date of their respective bills for service;
f. From which of them do you have written reports?

**ANSWER:**

6. As the result of said personal injuries, were you a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the inclusive date of said service.

**ANSWER:**

7. Please state the name and address of your *last* employer(s) at the time of the subject accident, and at the present. If you were unable to work as a result of said personal injuries allegedly sustained in the subject accident, please state the date or inclusive dates on which you were unable to work, the amount of wage or income loss claimed by you, and the name and address of the each employer from home you lost time and wages.

**ANSWER:**

8. For *each and every* criminal (non-traffic) charges brought against you, please state the following:

(a) The nature of the charges, including statutory or regulatory references;
(b) The court in which said charges were brought;
(c) The date of said charge;
(d) The length of time (minutes, hours, days, etc.) you spent in custody, including the date(s) prior to the court disposition of said charge; and
(e) The disposition of said charge, including a description of all sentences entered thereafter on said charge.

**ANSWER:**

9. State any and all expenses or losses you claim as the result of said occurrence.

**ANSWER:**

10. For each witness who will offer any testimony at trial, please state the following:

a. The name and address of the witness;
b. The subject matter on which the witness is expected to testify;
c. The conclusions and opinions of said witness and the bases thereof; and
d. The qualifications of the any opinion witness.

And provide any reports of any opinion witness.

ANSWER:

11.    In regard to the personal injuries identified by you in response to interrogatory 4 above, had you ever been confined to a hospital, treated by a physician, or otherwise received medical consultation for any such condition prior to the date in question? If so, give the name and address of each such facility or professional, the approximate date of such confinement or service, and *state the reason for such confinement or service.*

ANSWER:

12.    In regard to your allegations contained in paragraph 14 of Counts II and III of your Complaint, please state the basis of your claims that you suffered:

        a.    Anguish;
        b.    Loss time;
        c.    Lost earnings;
        d.    Physical discomfort;
        e.    Interruption of business; and
        f.    Embarrassment.

ANSWER:

13.    Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence? If so, for (a), state when, where and in general how you were injured, describe in general the injuries suffered, and provide the name and address of all medical facilities and professionals who provided you treatment; and for (b) state when you were ill, describe in general the illness, and the name and address of all medical facilities and professionals who provided you treatment.

ANSWER:

14.    Have you ever filed any other lawsuit or worker's compensation claim. If so, state the court in which filed, the year filed and the title and docket number of said case.

ANSWER:

15.    Were any photographs taken of the scene of the occurrence or of the person or persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

ANSWER:

16.    Do you have statements or reports from any witness other than yourself? If so, give the name and address of each such witness, the date of said statement or report, and state whether such statement or report was written or oral.

ANSWER:

18.    List the name and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

19.    Do you have any continuing complaints or disabilities of any kind resulting from the accident? If so, please state:

        a.    The nature and frequency of said complaint or disability;

        b.    What medical treatment you are receiving and/or what medication are you taking for this complaint or disability.

**ANSWER:**


Respectfully submitted,


By:    _____
                   Jonathan P. Schaefer


PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Discovery\Rogs.doc

3576/HD384 JPS/BSP                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

KLODIAN NAZAJ,                        )
                                      )
        *Plaintiff,*      )
                                      )
v.                                    )        No. 07 L 012656
                                      )
HOME DEPOT, U.S.A., INC., a           )
Delaware corporation,                 )
                                      )
        *Defendant*      )

## HOME DEPOT'S REQUEST TO PRODUCE

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys PURCELL &

WARDROPE CHTD., and propound the following Request for Production of Documents,

pursuant to Illinois Supreme Court Rule 214, to be answered by the Plaintiff within thirty (30)

days from the date of service at the office of the defendant for inspection and copying.

    1.    Any and all photographs and/or videotape of the subject premises, whether made prior to or after the plaintiff's incidences made the subject of his Complaint.

    2.    Any and all reports, letters, memos, receipts, or other written documents regarding the alleged incidences set forth in your Complaint and/or of the subject premises, regardless if produced by the Plaintiff and/or received from any other person.

    3.    List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

    4.    Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

    5.    A copy of any and all written communications received by you from this defendant relative to said accident or claim.

    6.    A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

7.     All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

8.     Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

9.     Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

10.    Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

11.    Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

12.    Any photographs or videotape of the injuries allegedly received by the plaintiff(s) in said accident.

13.    Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

14.    Any statement taken from any defendant with regard to the circumstances of the incidences made the subject of your Complaint, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

15.    Any statement or report of any witness with regard to the circumstances of the incidences made the subject of your Complaint, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

16.    Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

17.    Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning any and all prior or subsequent personal injury accidents and/or incidences, including but not limited to those resulting in claims, lawsuits or worker's compensation claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

18.    All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule

and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

19.     Any report of any inspection of the premises, and/or operations of the subject store identified in your Complaint.

20.     Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

21.     Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

22.     All invoices, bills, statements, receipts, checkstubs, bank records, or other documents evidencing all expenses (except medical noted above) alleged incurred by you as a result of the actions set forth in your Complaint including, but not limited to, costs, attorney's fees, investigation expenses, "other expenses", etc.

23.     All records, memos, notes, letters, correspondence, or other documents referencing or otherwise relative to your claims of anguish, lost time, lost earnings, physical discomfort, interruption of your business, and embarrassment, as alleged in paragraphs 14 of Counts II and III of your Complaint, including, but not limited to such documentation which references or referred to "other parties" and/or "others" being aware of the allegations made the subject of the Plaintiff's Complaint and/or the claimed injury to your reputation.

24.     All complaints, indictments, charges, court records, or other documents of any kind which reference or relate to any other criminal charges ever brought against the Plaintiff, including, but not limited to those identified in your response to Defendant's Interrogatory No. 8.

The term "incidences" or "occurrence" as used in this request for production refers to the incidences or occurrence outlined in the Plaintiff's Complaint.

The plaintiff is requested to make such production at the offices of Purcell & Wardrope, Chtd., 10 South LaSalle Street, Suite 1200, Chicago, Illinois.

Respectfully submitted,

By:     _____

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Discovery\Req2Prod.doc

3

3576/HD384 JPS/BSP                                        Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| KLODIAN NAZAJ, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )  No. 07 L 012656 |
| | ) |
| HOME DEPOT, U.S.A., INC., a | ) |
| Delaware corporation, | ) |
| | ) |
| *Defendant* | ) |

### DEMAND FOR PRODUCTION PURSUANT
### TO SUPREME COURT RULE 237 & 213(e)

Now comes the Defendant, HOME DEPOT USA, INC., by and through its attorneys,

PURCELL & WARDROPE, CHTD., and requests that the Plaintiff, KLODIAN NAZAJ,

produce at the time of arbitration and trial in the above case, and such production to continue

throughout the entire course of this lawsuit for arbitration and trial, pursuant to 237 & 213(e), of

the Rules of the Supreme Court of the State of Illinois, the following persons and documents:

　　　　1.　　　It is hereby demanded, pursuant to Illinois Supreme Court Rule 213(e), that you
produce immediately upon commencement of the arbitration and upon assignment of this matter
for trial (unless otherwise herein indicated), and prior to the selection of the jury, the identity and
last known address of all persons and organizations in addition to those previously disclosed,
having knowledge of the facts relevant to this lawsuit.

　　　　2.　　　It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
KLODIAN NAZAJ at the time of arbitration and trial for examination under 2-1102 of the
Illinois Code of Civil Procedure.

　　　　3.　　　It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
immediately upon commencement of the arbitration and upon assignment of this matter for trial
(unless otherwise herein indicated), and prior to the selection of a jury, the following original
documents or tangible things or copies of same if originals are not available:

　　　　　　　　a.　　　Any and all photographs and/or videotape of the subject premises, whether
made prior to or after the plaintiff's incidences made the subject of his
Complaint.

b.   Any and all reports, letters, memos, receipts, or other written documents regarding the alleged incidences set forth in your Complaint and/or of the subject premises, regardless if produced by the Plaintiff and/or received from any other person.

c.   List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

d.   Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

e.   A copy of any and all written communications received by you from this defendant relative to said accident or claim.

f.   A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

g.   All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

h.   Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

i.   Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

j.   Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

k.   Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

l.   Any photographs or videotape of the injuries allegedly received by the plaintiff(s) in said accident.

m.   Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

2

n.   Any statement taken from any defendant with regard to the circumstances of the incidences made the subject of your Complaint, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

o.   Any statement or report of any witness with regard to the circumstances of the incidences made the subject of your Complaint, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

p.   Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

q.   Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning any and all prior or subsequent personal injury accidents and/or incidences, including but not limited to those resulting in claims, lawsuits or worker's compensation claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

r.   All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

s.   Any report of any inspection of the premises, and/or operations of the subject store identified in your Complaint.

t.   Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

u.   Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

v.   All invoices, bills, statements, receipts, checkstubs, bank records, or other documents evidencing all expenses (except medical noted above) alleged incurred by you as a result of the actions set forth in your Complaint including, but not limited to, costs, attorney's fees, investigation expenses, "other expenses", etc.

w.   All records, memos, notes, letters, correspondence, or other documents
     referencing or otherwise relative to your claims of anguish, lost time, lost
     earnings, physical discomfort, interruption of your business, and
     embarrassment, as alleged in paragraphs 14 of Counts II and III of your
     Complaint, including, but not limited to such documentation which
     references or referred to "other parties" and/or "others" being aware of the
     allegations made the subject of the Plaintiff's Complaint and/or the
     claimed injury to your reputation.

x.   All complaints, indictments, charges, court records, or other documents of
     any kind which reference or relate to any other criminal charges ever
     brought against the Plaintiff, including, but not limited to those identified
     in your response to Defendant's Interrogatory No. 8.


                              Respectfully submitted,


          By:     _____
                  Jonathan P. Schaefer


PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Discovery\Req2Prod237.doc


4

3576/HD384 JPS/BSP                                              Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

KLODIAN NAZAJ,                          )
                                        )
    *Plaintiff,*                         )
                                        )
v.                                      )     No. 07 L 012656
                                        )
HOME DEPOT, U.S.A., INC., a             )
Delaware corporation,                   )
                                        )
    *Defendant*                         )

### NOTICE OF FILING

To:   David Nemeroff
      Nemeroff Law Offices, Ltd.
      55 West Monroe St., Suite 600
      Chicago, IL 60603

    PLEASE TAKE NOTICE that on **December 10, 2007**, we caused to be filed with the Clerk of the Circuit Court of Cook County, Defendant Home Depot's *Appearance and Jury Demand, Answer and Affirmative Defenses, Interrogatories to Plaintiff, Rule 214 Request For Production, Rule 237 Request for Production, and Plaintiff's Stipulation Re: 11/8/07 Protective Order,* copies of which are attached hereto.

                    By:                                    
                                     Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Pleadings\NOF001.doc

### CERTIFICATE OF SERVICE

    I, Mary Dannevik, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed this Notice of Filing the foregoing documents to each party to whom it is directed on December 10, 2007.

                                       
                                   Mary Dannevik

3576/HD384 JPS/BSP                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| KLODIAN NAZAJ, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )        No. 07 L 012656 |
| | ) |
| HOME DEPOT, U.S.A., INC., a | ) |
| Delaware corporation, | ) |
| | ) |
| *Defendant* | ) |

### NOTICE OF FILING

To:  David Nemeroff
     Nemeroff Law Offices, Ltd.
     55 West Monroe St., Suite 600
     Chicago, IL 60603

PLEASE TAKE NOTICE that on **December 10, 2007**, we caused to be filed with the Clerk of the Circuit Court of Cook County, Defendant Home Depot's *Notice of Removal,* a copy of which is attached hereto.

                              By:  _____
                                   Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Pleadings\NOF002.doc

### CERTIFICATE OF SERVICE

I, Mary Dannevik, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed this Notice of Filing the foregoing documents to each party to whom it is directed on December 10, 2007.

                              _____
                              Mary Dannevik