3576/HD384 JPS/BSP

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| KLODIAN NAZAJ, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-06944 |
| | ) | Honorable William T. Hart |
| HOME DEPOT, U.S.A., INC., a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| *Defendant* | | |

### HOME DEPOT'S AGREED MOTION FOR PROTECTIVE ORDER

NOW COMES THE DEFENDANT, HOME DEPOT U.S.A., INC., by its attorneys, Purcell & Wardrope Chtd., and hereby request this Honorable Court to enter a Protective Order agreed to by the Plaintiff and the Defendant through counsel, relative to Home Depot's documentation reflecting loss prevention, cashier and surveillance training, standard operating procedures, policies and/or other materials. In support thereof, Movant states as follows:

1. This case involves a claim being made by Klodian Nazaj, whom has alleged in his Complaint at Law, that he suffered damages as a result of being charged with criminal damage to property and criminal retail theft, allegedly as a result of the alleged improper conduct of the loss prevention personnel of the Defendant's store in Chicago, Illinois.

2. The Plaintiff has requested the Defendant to produce certain information and documentation of the Defendant, relative to its loss prevention, cashier and surveillance procedures for the store where the incidents occurred. The Defendant has agreed to produce said documents and information, subject to said documents and/or materials being treated as confidential and subject to a protective order preventing dissemination outside of this litigation.

3. The Defendant contends that its loss prevention, cashier and surveillance training and operation materials are proprietary information, needing protection against public dissemination. In support thereof, the Defendant states:

    a. Home Depot invests a substantial amount of its resources in the development, promulgation, documentation and revision of its standard operating procedures, including employing full-time policy coordinators responsible for the compilation, drafting, publication, dissemination and maintenance of the company the Defendant's standard operating procedures.

    b. The Defendant has kept those standard operating procedures confidential, and does not publish them.

  c. The documents are proprietary to the Defendant, and are for use of and are only disseminated to the Defendant's employees.

  d. All of the Defendant's loss prevention employees and cashiers are trained that these standard operating procedures are confidential, and that the employees are subject to discipline should they violate the confidentiality policy.

  e. The public dissemination of these materials, particularly to its competitors, would be detrimental to Home Depot.

  f. These materials would have value to the competitors of the Defendant, who could, if these procedures were made known to them, reap the benefit of the Defendant's substantial investment in the development of those procedures without incurring any expense of their own.

  g. Further, these materials could provide valuable information to members of the public and/or other non-loss prevention employees of Home Depot, who could, if the loss prevention procedures of Home Depot were not protected, obtain a better understanding as to the loss prevention techniques and practices of the Home Depot in protecting its inventory, product, customer and/or employees. These persons could utilize said loss prevention information in attempting to obtain inventory or product by theft or ill-gotten means, or otherwise expose Home Depot employees or customers to danger or other risks because of gaining familiarity with Home Depot's loss prevention techniques.

  4. As evidenced by the Stipulation and Protective Order attached hereto, as Exhibit A, electronically signed by the Plaintiff's attorney with permission, the Plaintiff's attorney has agreed to the entry of the request for Protective Order.

  5. The Defendant has never refused to produce the aforementioned documentation, but has only asked that the information be protected as confidential, and only used in the context of the instant litigation. The proposed Stipulation and Protective Order provides that the Plaintiff is not without recourse if she wishes to contest the confidentiality designation made by the Defendant. The Plaintiff (or any member of the general public) may challenge in court any designation of confidentiality made by the Defendant, if he or she does not agree that it is confidential.

  6. The agreed proposed Stipulation and Protective Order is a means to expedite the exchange of confidential information without having the court review each and every document before it is turned over. If the Plaintiff were to later challenge the confidentiality to designation of a certain document(s) the court would be in a far better position to rule on any confidentiality issues because the documents would already have been turned over to the Plaintiff.

  WHEREFORE, the Defendant, respectfully requests this Honorable Court to enter the agreed proposed Protective Order attached hereto as Exhibit A.

            Respectfully submitted,

                              By:    /s/ Jonathan P. Schaefer
                                                  Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576\Pleadings\Mtn4AgdProt Order.doc