IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLODIAN NAZAJ,<br><br>          Plaintiff,<br><br>-vs-<br><br>HOME DEPOT U.S.A. INC.,<br>a Delaware corporation,<br><br>          Defendants. | No. 07 CV 06944<br><br>Honorable William T. Hart |

## MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Plaintiff, KLODIAN NAZAJ, by and through his attorneys, NEMEROFF LAW OFFICES, LTD., and on their Motion for Leave to File a First Amended Complaint adding counts for Intentional Infliction of Emotional Distress against Defendant HOME DEPOT, INC., and counts for Defamation and Intentional Infliction of Emotional Distress against new party defendants Mike Oestmann, Fred Torres, Ulises Laman, ZaBrina Farmer, Kimberly Hosch and Henry Hale. In support of said motion states as follows:

1. This matter arises out an occurrence involving the plaintiff and defendant Home Depot on September 13, 2007. Plaintiff was a customer at Home Depot returning a tool previously purchased at the store as well as to do additional shopping. Plaintiff proceeded to the checkout cashier to pay for the items purchased while shopping at the store. Just before reaching the security guard located at the exit of the store to have his receipt checked the plaintiff was accosted by two employees/agents of the defendant Home Depot and was taken into custody. Plaintiff subsequently filed a lawsuit against the defendant Home Depot alleging battery, false imprisonment and malicious prosecution.

2. Plaintiff also alleges that the above named persons including Mike Oestmann, Fred Torres, Ulises Laman, ZaBrina Farmer, Kimberly Hosch and Henry Hale made defamatory statements to the Chicago Police Department in filing a false police report about the plaintiff that imputed commission of a criminal offense.

3. The defamatory statements made to the Chicago Police Department that plaintiff was shoplifting at Home Depot were false statements that were obviously and materially harmful that injured the plaintiff's reputation.

4. The defamatory statements imputing that the plaintiff committed a criminal offense are actionable per se and plaintiff does not need to plead or prove actual damages to his reputation in order to recover. *Bryson v. New America Publications, Inc.*, 174 Ill. 2d 77 (1996).

5. Defendants making false statements imputing commission of a criminal offense by the plaintiff constitute Defamation Per Se.

6. Plaintiff also alleges that the Defendant Home Depot, Inc., along with Mike Oestmann, Fred Torres, Ulises Laman, ZaBrina Farmer, Kimberly Hosch and Henry Hale committed intentional infliction of emotional distress based on the occurrence which took place on September 13, 2007. Plaintiff can establish that the defendants conduct was truly extreme and outrageous; that the defendants intended that their conduct inflict severe emotional distress or knew that there was a high probability that the conduct would cause severe emotional distress to the plaintiff and that the conduct in fact caused severe emotional distress to the plaintiff.

7. A copy of the proposed First Amended Complaint is attached hereto and incorporated herein as Exhibit "A."

WHEREFORE, Plaintiff, KLODIAN NAZAJ, respectfully requests that this court enter an order granting leave to file a First Amended Complaint, instanter, alleging a count for defamation against Defendant HOME DEPOT, U.S.A., INC. and counts for defamation and intentional infliction of emotional distress against new party defendants Mike Oestmann, Fred Torres, Ulises Laman, ZaBrina Farmer, Kimberly Hosch and Henry Hale and for any further relief this court deems necessary or just.

Respectfully submitted,
NEMEROFF LAW OFFICES, LTD.

/s/ David Nemeroff, One of
Plaintiff's Attorneys

NEMEROFF LAW OFFICES, LTD.
Attorneys for Plaintiff
55 West Monroe Street
Suite 600
Chicago, IL 60603
(312) 629-8800