3576/HD384 JPS/BSP

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| KLODIAN NAZAJ, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No.   07 CV 06944 |
| | ) | District Judge Hart |
| HOME DEPOT, U.S.A., INC., a | ) | Magistrate Judge Keys |
| Delaware corporation, | ) | |
| | ) | |
| *Defendant* | ) | |

### HOME DEPOT USA, INC.'S RESPONSE TO PLAINTIFF'S MOTION
### FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys,

JONATHAN P. SCHAEFER of PURCELL & WARDROPE, CHTD., pursuant to FRCP 12(b),

and hereby responds to the Plaintiff's Motion For Leave to File a First Amended Complaint

(Document 14),  as follows:

INTRODUCTION

1.      The Plaintiff's original Complaint filed in the state court, alleged three theories

against Home Depot USA, Inc.: Count I – Battery, Count II – False Imprisonment, and Count III

– Malicious Prosecution. (Document 1, pages 5-12).

2.      The Plaintiff's proposed First Amended Complaint (Document 14 -2) realleges

said three initial Counts against Home Depot USA, Inc.  The proposal also adds six individual

defendants whom were alleged employees and/or agents of Home Depot USA, Inc., with theories

against each of defamation (Counts IV – IX) and intentional infliction of emotional distress

(Counts XI – XVI). The Plaintiff also alleges an intentional infliction of emotional distress count

against Home Depot USA, Inc. under Count X.

3.    The Defendant objects to the subject motion to amend, as the proposed amendment fails to state proper causes of action under defamation and intentional infliction of emotional distress against each defendant. Moreover, the Defendant claims that the improper form of the proposed amendment clearly shows an improper motive or intent in seeking the amendment, as set forth in the Defendant's concurrently filed Response to Plaintiff's motion to remand, which is hereby adopted and incorporated by reference as further support of the Defendant's objection to the Plaintiff's Motion For Leave To File A First Amended Complaint.

IMPROPER MOTIVE OR INTENT IN SEEKING AMENDMENT

4.    The Defendant removed the Plaintiff's original state court complaint alleging theories of battery, false imprisonment and malicious prosecution.  In said original Complaint, the Plaintiff alleged that the Defendant was liable under the doctrine of *respondeat superior* for "the intentional and torturous actions of its employees and agents that are acting within the scope and authority granted by the employer..." (See paragraph 17 of Count I, paragraph 19 of Count II and paragraph 18 of Count III of Document 1, pages 7, 9 and 11, respectively.)

5.    Moreover, in paragraph 2 of Counts IV – IX, and in paragraph 4 of Counts XI – XVI of the proposed Amended Complaint (Document 14-2), the Plaintiff alleges that each newly named individual defendant was an agent and/or employee of the Defendant.

6.    Given that the Plaintiff has alleged that Home Depot was liable under *respondeat superior* for the alleged actions of its employees, and that the newly named defendants were acting as agents and/or employees of the Defendant, there is absolutely no additional relief that the Plaintiff could obtain against the individually named defendants than it would be entitled to Home Depot USA, Inc.

7.    The newly named defendants are not *indispensable* parties.

2

8.     The clear intent of the Plaintiff in moving to amend his complaint is apparent by his concurrent filing of the motion to remand on the premise that complete diversity of jurisdiction between the parties would be destroyed by the proposed amendment.

9.     Counts IV – X are identical in their allegations, other than referencing the name of the individual defendants in paragraphs 2, 10, 11 and the Wherefore clause.

FAILURE TO STATE CAUSE OF DEFAMATION

10.     To state a defamation claim, a plaintiff must present facts establishing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages. *Emery v. Northeast Illinois Regional Commuter Railroad Corporation*, 377 Ill.App.3d 1013, 1021 (1st Dist. 2007).

11.     Counts IV – X fail to allege the specific false statement made by each defendant about the Plaintiff.

12.     The alleged defamatory statement must be unprivileged. *Krasinski v. United Parcel Service, Inc.*, 124 Ill.2d 483, 490 (1988), emphasis added, citing Restatement (Second) of Torts § 558 (1977). In *Krueger v. Lewis*, 342 Ill.App.3d 467 (1st Dist. 2003), the court explained that the "defense of privilege rests upon the idea 'that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation.'" *Krueger,* 342 Ill.App.3d at 473, quoting W. Keeton, Prosser & Keeton on Torts § 114, at 815 (5th ed.1984). "If the policy interest is of 'paramount importance, considerations of policy may require that the defendant's immunity for false statements be

3

absolute, without regard to his purpose or motive, or the reasonableness of his conduct.'"

*Krueger,* 342 Ill.App.3d at 473 quoting W. Keeton, Prosser & Keeton on Torts § 114, at 816.

13.     Whether a statement is protected by an absolute or a qualified (conditional) privilege is a question of law for the court. *Thomas v. Petrulis,* 125 Ill.App.3d 415, 417 (2nd Dist. 1984).   An absolute privilege provides complete immunity from civil action, *"without regard to ... purpose or motive, or the reasonableness of ... conduct."  Krueger,* 342 Ill.App.3d at 473, emphasis added, see also, *Golden v. Mullen,* 295 Ill.App.3d 865, 869 (1st Dist. 1997) (The existence of an absolute privilege is such an affirmative matter warranting the dismissal of a defamation action); *Bushell v. Caterpillar, Inc.,* 291 Ill.App.3d 559 (3rd Dist. 1997); *Starnes v. International Harvester Co.,* 184 Ill.App.3d 199, 203-05 (4th Dist. 1989); *Larson v. Doner,* 32 Ill.App.2d 471, 473 (1961) ("[c]ommunications absolutely privileged are those so much to the public interest that the informer should speak out his mind fully and fearlessly so that all actions in respect of words thus spoken are absolutely forbidden.").

14.     Counts IV – X merely allege that the (unstated) defamations were only communicated to the Chicago Police officers, **which are privileged communications**. *Vincent v. Williams,* 279 Ill.App.3d 1, 7 (1st Dist. 1996); *Starnes,* 84 Ill.App.3d at 203-5;  see also, *Layne v. Builders Plumbing Supply Co.,* 216 Ill.App.3d 899, 973 (2nd Dist. 1991) (allegedly false statement to the police that the plaintiff harassed, assaulted, and verbally threatened a coworker was subject to absolute privilege regardless of allegations of malice).

15.     In *Vincent,* a bar patron sued two other bar patrons for, among other causes of action, defamation alleging that the defendants falsely told police officers that the plaintiff had threatened one defendant with a knife.  The officers arrested the plaintiff for aggravated assault. In finding that no cause of action existed for defamation based upon reports to the police, the Vincent Court noted:

It has long been held that statements made to law enforcement officials, for the purpose of instituting legal proceedings, are granted absolute privilege. See *Starnes v. International Harvester Co.,* 184 Ill.App.3d 199, 204, 132 Ill.Dec. 566, 539 N.E.2d 1372 (1989), and the cases cited in that decision. In Starnes the court rejected the argument that when a claim of malice is made, a qualified, rather than an absolute, privilege applies. When absolute privilege attaches, no action for defamation lies, even where malice is alleged. *Weber v. Cueto,* 209 Ill.App.3d 936, 154 Ill.Dec. 513, 568 N.E.2d 513 (1991).

In this case, the statements that Vincent claims to be defamatory are the statements alleging Vincent's criminal activity, which Williams and Barkley reported to the police during the investigation of the fight. These statements are cloaked with absolute privilege and the trial court properly dismissed the claim.

Vincent, 279 Ill.App.3d at 7-8.

16.    The Plaintiff's generic "clumping" of identical theories of alleged "privileged" defamation against six individuals under Count IV – IX clearly shows the improper motive of the Plaintiff in seeking to add all of these new defendants to the litigation.

## FAILURE TO STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS

17.    In order to state a cause of action for intentional infliction of emotional distress, a party must allege facts that establish: (1) defendant's conduct was extreme and outrageous, (2) the emotional distress suffered by the plaintiff was severe; and (3) defendant's conduct was such that defendant knew that severe emotional distress was substantially certain to result. *Miller v. Linden*, 172 Ill.App.3d 594, 495 (2nd Dist. 1988).

18.    Counts X – XVI are identical in their allegations, other than referencing the name of the individual defendants in paragraphs 4, 26, 28 and Wherefore clause.

19.    In fact, paragraph 8 – 16 and 18 – 26 in Counts XI – XVI (against the individual defendants) contain identical allegations of wrongdoing *by Home Depot USA, Inc.* which have nothing to do with Plaintiff's alleged theories of intentional infliction of emotional distress against each individual defendant.

20.    The proffered Counts XI – XVI fail to identify specifically what each individual named defendant did that was extreme and outrageous, such that severe emotional distress was substantially certain to result.

WHEREFORE, as the clear intent of the Plaintiff in moving to amend his complaint is apparent by his concurrent filing of the motion to remand, and for the other reasons state above, the Defendant, HOME DEPOT USA, INC., respectfully requests this Honorable Court to deny the Plaintiff's Motion For Leave To File A First Amended Complaint (Document 14).

Respectfully submitted,


By:    /s/ Jonathan P. Schaefer
       Jonathan P. Schaefer


PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3576 - Nazaj\Pleadings\RespPltMtnAmend.doc